IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRYAN PARKE FULKERSON #2023007405, | ) ) ) |
| Plaintiff, | ) ) No. 3:24-cv-00105 |
| v. | ) ) JUDGE RICHARDSON ) |
| WILLIAMSON COUNTY, *et al.*, | ) ) |
| Defendants. | ) ) |

# MEMORANDUM OPINION AND ORDER

This is a pro se prisoner civil rights case filed by Bryan Parke Fulkerson, an inmate of the Marion County Detention Center in Lebanon, Kentucky. (Doc. No. 1). He alleges violations of his civil rights while detained at the Williamson County Jail in Franklin, Tennessee.

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A. Before the Court proceeds with the required PLRA screening, the Court must address the filing fee.

## I. FILING FEE

Plaintiff has submitted an Application for Leave for Proceed In Forma Pauperis ("IFP Application") (Doc. No. 2). Under the Prisoner Litigation Reform Act (PLRA), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). From a review of Plaintiff's IFP Application and supporting materials (Doc. No. 7), it appears that Plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, his IFP Application (Doc. No. 2) is **GRANTED**.

Under § 1915(b), Plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-

plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, Plaintiff is hereby assessed the full civil filing fee of $350, to be paid as follows:

(1) The custodian of Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in Plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this Order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify Plaintiff's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this Order to the administrator of inmate trust fund accounts at the Marion County Detention Center Kentucky to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the

custodian of his inmate trust fund account **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance thereof.

## II. SCREENING OF THE COMPLAINT

A. <u>PLRA SCREENING STANDARD</u>

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520121 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

B. SECTION 1983 STANDARD

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

C. ALLEGED FACTS

The allegations of the complaint are assumed true for purposes of the required PLRA screening.

While incarcerated at the Williamson County Jail in Franklin, Tennessee, Plaintiff requested "religious materials of Odon/Odonism beliefs so that [he] could learn about that religion" on several occasions between January 26, 2023 and February 3, 2023. (Doc. No. 1 at PageID# 5).

Plaintiff was informed via the jail kiosk that he would not be receiving the requested materials because the county does not print or copy material. Later, when Plaintiff discussed his request with Miss Payne (identified by Plaintiff as an "employee"), Plaintiff explained that he "wasn't asking them to print/copy anything . . . [and] would like a copy of the Book of Odon just like if [he] were asking for a copy of the Holy Bible." (*Id.*) Miss Payne told Plaintiff that "the Odon religion was not a very common religion in their jail and [he] wouldn't be getting the requested material." (*Id.*)

Plaintiff seeks $10,000 in compensatory damages and $100,000 in punitive damages "for denial of religious study material [he] requested so that [he] could broaden [his] knowledge of the Odon religious beliefs." (*Id*. at PageID# 6).

D. ANALYSIS

Plaintiff alleges he has been denied religious study material. Under the First Amendment to the United States Constitution, which is applicable to the States through the Fourteenth Amendment, *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 531 (1993), prisoners retain the right to freely exercise their religion, subject to limitations arising "both from the fact of incarceration and from valid penological objectives." *O'Lone v. Shabazz*, 482 U.S. 342, 348 (1987) (citations omitted); *Hayes v. Tenn.*, 424 F. App'x 546, 549 (6th Cir. 2011) (citing *Walker v. Mintzes*, 771 F.2d 920, 929 (6th Cir. 1985) ("Prisoners retain the First Amendment right to the free exercise of their religion.")). In ensuring that prisoners' First Amendment right to freely practice their religion is protected, "prisons do not have to respond to every religious request of an inmate; it must only allow prisoners a reasonable opportunity to exercise their faith." *See Mitchell-Feazell v. Campbell County Jail*, No. 2:22-CV-30-DCLC-CRW, 2022 WL 1437720, at *3 (E.D. Tenn. May 5, 2022) (citing *Cruz v. Beto*, 405 U.S. 319, 322 n.2 (1972)). Prisoners have "no constitutional right to require prison officials to purchase or provide [prisoners] religion materials—'[a]t most, [religious] materials cannot be denied to prisoners if someone offers to supply them.'" *Mitchell-Feazell*, 2022 WL 1437720, at *2 (quoting *Cruz*, 405 U.S. 319, 323 (Burger, C.J., concurring)). A violation of the First Amendment requires the imposition of a "substantial burden" on a plaintiff's exercise of his religion. *Welch v. Spaulding*, 627 F. App'x 479, 485 (6th Cir. 2015).

Similarly, the Religious Land Use and Institutionalized Persons Act (RLUIPA) prohibits the governmental imposition of a "substantial burden on the religious exercise" of an inmate unless

the government establishes that the burden furthers a "compelling governmental interest" through the "least restrictive means[.]" 42 U.S.C. § 2000cc-1(a). An action substantially burdens religion if "that action forced an individual to choose between 'following the precepts of her religion and forfeiting benefits' or when the action in question placed 'substantial pressure on an adherent to modify his behavior and to violate his beliefs.'" *Barhite v. Caruso*, 377 Fed. App'x. 508, 511 (6th Cir. 2010) (quoting *Living Water Church of God v. Charter Tp. of Meridian*, 258 Fed. App'x 729, 734 (6th Cir. 2007)). "RLIUPA provides greater protections than the First Amendment." *Fox v. Washington*, 949 F.3d 270, 277 (6th Cir. 2020).

Here, the complaint does not allege that Plaintiff is a follower of the Odon religion. Nor does the complaint allege that Plaintiff's sincerely held religious belief entitles him to access the materials he has requested. The complaint does not identify Plaintiff's religious affiliation. The complaint indicates that Plaintiff sought the "Book of Odon" to "broaden [his] knowledge" about the Odon religion, of which Plaintiff may or may not be an adherent. (Doc. No. 1 at PageID# 6). Thus, Plaintiff's First Amendment claim fails.

A RLUIPA claim also fails because Plaintiff has not explained what his religion is and how the denial of the "Book of Odom" substantially burdens his exercise. While the county's alleged policy may burden Plaintiff's ability to consult religious educational materials, it cannot be described as "substantial." At most, Plaintiff is "merely inconvenienced" by the policy—it does not pressure him to "forfeit" or "violate" his beliefs. *Coleman v. Graham*, 2008 WL 919642, at *6 (E.D. Mich. Apr. 2, 2008). As such, his religious exercise claim cannot prevail under RLIUPA. *See also Wicks v. Hopkins Cnty.*, No. 4:20-CV-00111-JHM, 2021 WL 5140947, *4 (W.D. Ky. Nov. 3, 2021) (finding that jail's policy depriving inmates of physical mail does not infringe on inmate's First Amendment rights and "any impact on his access to religious study materials falls short of a First Amendment or RLUIPA violation").

Accordingly, Plaintiff's claims based on the denial of religious materials will be dismissed for failure to state a claim upon which relief can be granted under Section 1983. *See Mitchell-Feazell*, 2022 WL 1437720, at *3 ("The mere fact that [the prisoner-plaintiff's] request [for religious materials] was not immediately met does not, in and of itself, violate Plaintiff's constitutional rights"); *Reid v. Hopkins Cnty. Fiscal Court*, No. 421CV-P14-JHM, 2021 WL 543521, at *6 (W.D. Ky. Nov. 19, 2021) (dismissing prisoner's First Amendment and RLUIPA claims where Plaintiff alleged he had been denied "study material for Hebrews" but did not identify his religion, allege a sincerely held religious belief, or explain how the denial of the religious materials he requested substantially burdened his exercise).

### III. CONCLUSION

The Court has screened the complaint pursuant to the PLRA and determines that it fails to state a claim upon which relief can be granted under Section 1983 against either Defendant. While the Court encourages the attainment of knowledge, Plaintiff does not have a constitutional right to obtain whatever educational resources—religious or otherwise—he seeks while incarcerated. Accordingly, all claims against Defendants Williamson County and f/n/u Payne therefore are **DISMISSED**.

Because an appeal would not be taken in good faith, Plaintiff is not certified to pursue an appeal from this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE